Revised March 28, 2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Carmelo Castillo,

                Plaintiff(s),

-v-

The City of New York,

                Defendant(s).

CIVIL ACTION NO.: 24 Civ. 09453 (VSB) (SLC)

**REPORT OF RULE 26(f) CONFERENCE AND ~~PROPOSED~~ CASE MANAGEMENT PLAN**
Revised

In accordance with Federal Rule of Civil Procedure 26(f) and Judge Cave's Individual Practices, the parties met on April 7, 2025 (at least one week before the Initial Case Management Conference) and exchanged communications thereafter. The parties now submit the following report for the Court's consideration:

1. **The Court's Expectations:**

    **Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Federal Rules of Civil Procedure 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

    **Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

    **Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

    **Competence**. Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

**Counsel are directed to the Model Confidentiality Stipulation and Proposed Protective Order and Stipulation and [Proposed] Order Concerning the Protocol for Conducting Remote Depositions on Judge Cave's Individual Practices Page.**

**Counsel represent by their signature below that they have read and will comply with the above.**

1

**2.    Summary of Claims, Defenses, and Relevant Issues:**

<u>Plaintiff(s)</u>: Plaintiff claims that the City of New York violated his federal and state constitutional rights when it failed to provide timely and adequate medical treatment, which resulted in the loss of Plaintiff's right testicle and an infection in his scrotum. Specifically, Plaintiff brings a Monell claim and claims for state constitutional violations and negligence.

<u>Defendant(s)</u>:

**3.    Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction)**:

Federal question (42 U.S.C. Section 1331)

**4.    Subjects on Which Discovery May Be Needed:**

<u>Plaintiff(s)</u>: Documents related to Plaintiff's initial misdiagnosis, surgery, and infection, which occurred from approximately September 13, 2023 through November 2023, and another other factual issues reasonably related to the facts as alleged in Plaintiff's complaint/Defendant's affirmative defenses.

<u>Defendant(s)</u>:

**5.    Informal Disclosures**:

Plaintiff[s] disclosed the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on May 5, 2025. On May 5, 2025, Plaintiff[s] [produced/will produce] an initial set of relevant documents identified in [its/their] Initial Disclosures and will continue to supplement [its/their] production.

Defendant[s] disclosed the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on May 5, 2025. On May 5, 2025, Defendant[s] [produced/will produce] an initial set of relevant documents identified in [its/their] Initial Disclosures and will continue to supplement [its/their] production.

2

**6.     Discovery Plan:**

The parties jointly propose to the Court the following discovery plan:

    A.     All fact discovery must be completed by October 21, 2025.

No later than **one week after** the close of fact discovery, that is, by October 28, 2025, the parties must file a joint letter on the docket certifying that fact is discovery is complete.

    B.     The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and Judge Cave's Individual Practices. The following interim deadlines may be extended by the parties on written consent without application to the Court, **provided that** the parties meet the deadline for completing fact discovery set forth in paragraph 6(A) above.

    i.    Depositions: Depositions shall be completed by Sept 15, 2025 and limited to no more than 10 depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    ii.    Interrogatories: Initial sets of interrogatories shall be served on or before June 4, 2025. All subsequent interrogatories must be served no later than 30 days before the fact discovery deadline.

    iii.    Requests for Admission: Requests for admission must be served on or before Sept 21, 2025, and in any event no later than 30 days before the fact discovery deadline.

    iv.    Requests for Production: Initial requests for production were/will be exchanged on June 4, 2025 and responses shall be due on July 21, 2025. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

v. <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information, and in any event, no later than the fact discovery deadline.

**7. Anticipated Discovery Disputes:**

Describe any anticipated discovery disputes or proposed limitations on discovery.
There are no anticipated discovery disputes at this time.

**8. Amendments to Pleadings:**

a. Does any party anticipate amending the pleadings? <u>No</u>.

b. Last date to amend any pleading pursuant to Fed. R. Civ. P. 15(a) is <u>April 3, 2025</u>. Amendment of pleadings after this date will be permitted only on a showing of "good cause" under Fed. R. Civ. P. 16(b)(4).

**9. Expert Witness Disclosures:**

a. Does any party anticipate utilizing experts? <u>Yes</u>.

b. Expert discovery shall be completed by <u>December 22, 2025</u>.

No later than **one week after** the close of expert discovery, that is, by <u>December 29, 2025</u>, the parties must file a joint letter on the docket certifying that all discovery is complete. This letter should also state which dispositive motions, if any, each party intends to file.

**10. Electronic Discovery and Preservation of Documents and Information:**

a. Have the parties discussed discovery of electronically stored information (ESI)?
Yes, the parties anticipate discovery of ESI.

b. Is there an ESI discovery protocol in place? If not, the parties expect to have one in place by <u>August 6, 2025</u>.

c. Are there issues the parties would like to address concerning preservation of evidence and/or ESI discovery at the Initial Case Management Conference?
Nothing at this time.

4

11. **Early Settlement or Resolution:**

The parties have/have not (circle one) discussed the possibility of settlement. The parties request a settlement conference by no later than August 8, 2025. The following information is needed before settlement can be discussed: Exchange of medical records and Plaintiff's deposition.

12. **Trial:**
    a. The parties anticipate that this case will be ready for trial by April 15, 2026.
    b. The parties anticipate that the trial of this case will require 5 days.
    c. The parties do/do not (circle one) consent to a trial before a Magistrate Judge at this time.
    d. The parties request a jury/bench (circle one) trial.

13. **Other Matters:**
    a. **Fed. R. Evid. 502(d)**. The disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity from production shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection permitted by Fed. R. Evid. 502(d).

Respectfully submitted this ____ day of April, 2025.

ATTORNEYS FOR PLAINTIFF(S):                   ATTORNEYS FOR DEFENDANT(S):

_____                          _____

Dated:     New York, New York
           July 8, 20 25

                                              SO ORDERED.

                                              _____
                                              SARAH L. CAVE
                                              **United States Magistrate Judge**

5